O'REILLY *v.* OAKEY.

Decision in *O'Reilly* v. *McLeod,* 2 An. 146, affirmed.

One who sues the owners of a tract of land for compensation for work done on a levée, which proves to have been of no use whatever to the proprietor, must establish that the work was

O'REILLY
v.
OAKEY.

done by virtue of and in accordance with the law, and the regulations of the police jury. The word *levée* has a technical meaning fixed by the stat. of 7 February, 1829, and one claiming remuneration for constructing a levée, where there has been no adjudication to him, nor acceptance of the work by the inspector, and it is shown that the proprietor has not benefited by it, must show that the work was a *levée* within the meaning of that statute.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Preston*, for the plaintiff.  *Clarke*, *Micou* and *Van Dalson*, for the appellant. The judgment of the court was pronounced by

ROST, J.  The plaintiff claims $1,685 for work done and materials furnished in making a levée, a road, ditches and bridges, on a tract of land belonging to the defendant. The defence is a general denial. The District Court sustained the claim, and the defendant appealed.

On the trial of the cause, the plaintiff offered in evidence a paper purporting to be an account of day's work laid out upon the defendant's levée. He also offered in evidence various written depositions to show the value of the work done, and of the materials furnished by him; to the admission of all of which the defendant objected, because the plaintiff had declared upon an adjudication by the inspector of roads and levées, and could not give evidence of the value of the work and materials. The court admitted the evidence, and the defendant took a bill of exceptions. The allegations of the petition are in the alternative, and the judge did not err in admitting the evidence. It comes properly under the allegation that the work was required by the police regulations and indispensable to the preservation of the land of the defendant.

In the case against *McLeod*, 2 An. 147, we reaffirmed the doctrine established in the case of *Police Jury* v. *Hampton*, 5 Mart. N. S. 392. We held that a party who has made a levée on another man's land may recover, even without a contract, if his work was necessary, and has been beneficial to the owner of the land.

We adhere to these decisions; but this case presents a different state of facts. Here the inspector refused to accept the levée made by the plaintiff. As soon as the water rose after its completion, it passed over it; it broke in many places, and was of no use or benefit whatever to the defendant. Under these circumstances, before the plaintiff can recover, he must make good the allegation of his petition, that the work was done in pursuance and by virtue of, and in accordance with, the law, and the rules and regulations of the police jury. It is proved that he had to make a new levée on all the front of the land but eight arpents. He must show affirmatively either that the dimensions and direction of the levée he made, were given to him by the inspector, or that he complied in making it with the act of 1829 concerning roads and levées. He must make the same proof in relation to the roads, ditches and bridges. The record contains no evidence in relation to these facts; but, on the contrary, the inspector declares that the work was done contrary to his orders, and not in conformity with law. It is evident that if the requisitions of the act of 1829 had been followed, the levee, when finished, would have been one foot higher than the highest water previously known, and that the rise which destroyed it could not have gone over it, it having been only a few inches higher than the water of the previous years. It is also in evidence that logs were left in the foundation of the levée, and this is assigned as one of the reasons why it did not stand.

The District Court considers it proved that the defendant promised to pay

the plaintiff his bill for the work, if he would make some deduction, and views <span style="float:right">O'REILLY<br>v.<br>OAKEY.</span> this as a recognition of an obligation to pay something. The evidence of this fact was taken under commission, and is not satisfactory to us. The witness says, in his direct examination, that he heard the defendant say, in Thibodeaux-ville, that he would settle with the plaintiff and pay him for making the levée, if he would make some deduction. On the cross-examination he states that he was alone with the defendant when that declaration was made ; that the plain-tiff was not there ; that no account was exhibited, and that he did not know the amount claimed ; he assigns no motive for that declaration to him, but repeats that the defendant said he would pay, if the plaintiff made a liberal deduction. This witness has no knowledge of the account of which he speaks, and his testimony on other facts satisfies us that he is not worthy of credit. The plain-tiff had originally claimed in this suit $5,000 damages, alleged to have been sustained by him, in consequence of the breaking of the plaintiff's levées. On this part of the case, which has since been abandoned, the same witness swore that the damages sustained by the plaintiff exceeded $5,000. But when made to state those damages in detail he said that, but for the crevasse, the plaintiff would have made 2,000 barrels of corn, worth $1,500, and specified other dam-ages amounting to a few hundred dollars more ; thus reducing the loss to one-third of the amount originally sworn to. But this is not all. It is proved that the plaintiff had but a small quantity of cleared land, that the only portion he cultivated was his garden, and that he could not have made a crop of corn that year, because he had no enclosure in the month of April, when his land was overflowed.

There is no doubt that the defendant was guilty of negligence in not repair-ing his levées ; this omission may have subjected him to damages ; but it cannot dispense the plaintiff from making out a clear case before he can recover. The word levée has a technical meaning fixed by the act of 1829, and the party claiming remuneration for constructing a levée, where there is no adjudication, where the acceptance of the inspector is not produced, and where it is shown that the work has not benefitted the owner of the land, must show that this work was a levée, within the intent and meaning of that act. The plaintiff having failed to do so, must be non-suited.

It is, therefore, ordered that the judgment in this case be reversed, and that there be judgment against the plaintiff as in cases of non-suit, with costs in both courts.